FILED

FEB 1 3 2026

Heidi D. Campbell, Clerk
U.S. DISTRICT COURT

# IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

CHRISTOPHER MEANS, Plaintiff,

v.

CITY OF GLENPOOL, an Oklahoma municipal corporation;
DAVID TILLOTSON, City Manager of Glenpool (in his official and individual capacities);
LESLI SMITH, City Clerk of Glenpool (in her official and individual capacities);
and JOHN/JANE DOE 1–5, unknown employees or officials of the City of Glenpool, Defendants.

Case No. 26 CV - 0 8 2 SEH - CDL

PETITION FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF
JURY TRIAL DEMANDED

### I. Jurisdiction and Venue

1. This Court has jurisdiction under Okla. Const. art. 7, § 7 and 12 O.S. § 2001 et seq.

2. Venue lies in Tulsa County under 12 O.S. § 139 because the Defendant City of Glenpool is situated there and the acts complained of occurred within this County.

3. Plaintiff has complied with the Oklahoma Governmental Tort Claims Act (51 O.S. §§ 156–157) by submitting written notice to the City of Glenpool and allowing the statutory period to expire without settlement.

### II. Parties

4. Plaintiff Christopher Means is a resident of Oklahoma and a journalist engaged in First Amendment recording of public activity.

5. Defendant City of Glenpool is a municipal corporation organized under Oklahoma law.

6. Defendant David Tillotson is the City Manager of Glenpool and was acting under color of state law at all relevant times.

7. Defendant Lesli Smith is the City Clerk of Glenpool and was acting under color of state law at all relevant times.

8. Defendants John/Jane Doe 1–5 are unidentified employees or officials whose conduct contributed to the acts alleged.

### III. Factual Background

9. On June 2, 2025, while Plaintiff was lawfully recording inside Glenpool City Hall, a City employee known as "Ms. Chalua" grabbed Plaintiff's hand and seized his DJI Osmo Pocket 3 camera (approximate value $1,148), physically interfering with his newsgathering activity.

10. Plaintiff captured the incident on multiple devices.

11. The video was published on June 10, 2025, prompting numerous citizen complaints and public discussion.

12. Between June and July 2025, internal City emails show officials (including Tillotson and Smith) coordinating with OMAG to manage public exposure rather than addressing the underlying employee misconduct.

13. Plaintiff submitted a tort claim to the City on July 7, 2025. The City routed the claim to OMAG, and the statutory review period expired without resolution.

14. On September 4, 2025, Plaintiff filed an Open Records Act request for internal communications related to the incident. The City produced records with excessive redactions and no explanation.

15. Plaintiff sent a final settlement demand; Defendants failed to respond by the deadline.

16. Plaintiff incurred losses including property damage, lost business income, and violation of constitutional rights.

### IV. Causes of Action

Count I – Violation of First Amendment (Right to Record)

17. Defendants, acting under color of law, interfered with Plaintiff's lawful recording of public officials in a public building, without lawful justification, thereby violating his rights under the First and Fourteenth Amendments and Okla. Const. art. II § 22.

Count II – Unreasonable Seizure of Person and Property (4th Amendment)

18. The physical contact and seizure of Plaintiff's camera constituted an unreasonable seizure in violation of the Fourth Amendment and Okla. Const. art. II § 30.

Count III – Due Process and Equal Protection (14th Amendment)

19. Defendants failed to provide Plaintiff a meaningful opportunity to seek redress or

investigate the incident, and treated his protected activity differently than similarly situated citizens, in violation of the Fourteenth Amendment.

Count IV – Municipal Liability (42 U.S.C. § 1983; Monell)

20. The City of Glenpool maintained a policy or custom of concealment and failure to train employees regarding citizen recording rights, constituting deliberate indifference and causing Plaintiff's injuries.

Count V – Violation of Oklahoma Open Records Act (51 O.S. §§ 24A.5, 24A.17)

21. Defendants willfully withheld non-exempt public records and failed to comply with the statutory duty of prompt and reasonable access.

Count VI – Battery and Property Damage (OGTCA Claims)

22. The City employee physically grabbed Plaintiff and his camera, constituting battery and property damage. The City is liable for torts committed within scope of employment subject to OGTCA limits.

Count VII – Negligent Supervision and Training (OGTCA)

23. Defendants failed to supervise and train employees regarding citizen rights, creating foreseeable risk of constitutional violations and battery.

## V. Damages and Relief Requested

24. Plaintiff requests judgment as follows:

a. Compensatory damages for property loss, economic and non-economic harm, and legal costs;

b. Punitive damages against individual defendants for willful misconduct;

c. Declaratory judgment that Defendants violated Plaintiff's constitutional and statutory rights;

d. Injunctive relief requiring policy reform and employee training;

e. Reasonable attorney fees and costs under 42 U.S.C. § 1988 and 51 O.S. § 24A.17(B);

f. Any other relief the Court deems just.

## VI. Jury Demand

25. Plaintiff demands trial by jury on all issues triable to a jury.

Respectfully submitted,

/s/ Christopher Means

Christopher Means
414 N. Lake St.
Ponca City, Oklahoma 74601
Email: themeans13@gmail.com
Phone: (580) 304-8856

Date: 2/13/2026

**Courtesy Copy to:**

## <u>OMAG – Oklahoma Municipal Assurance Group</u>

Attn: Claims Unit

3650 South Boulevard Edmond Oklahoma 73013

Date of Notice: November 20, 2025

### 1. Statutory Basis

This Notice of Tort Claim ("Notice") is submitted pursuant to **51 O.S. § 156** and is a required legal prerequisite to any civil action against the City of Glenpool and its employees for torts committed within the scope of their employment.

### 2. Nature of the Claim

The claim arises from incidents occurring on **June 4, 2025**, at Glenpool City Hall, and subsequent administrative actions. The claims include, but are not limited to:

- **Battery** and physical interference with my person and recording device.
- **Negligent Supervision and Training** of City staff resulting in constitutional violations.
- **Retaliation** for engaging in constitutionally protected First Amendment newsgathering/recording activity.
- **Property Interference and Damage** (damage to recording equipment).
- **Negligent Handling of a Public-Records Incident.**

### 3. Description of Incident

On June 4, 2025, City personnel engaged in unlawful physical contact with me while I was lawfully recording inside Glenpool City Hall. The employee's conduct constituted a battery and an unreasonable seizure of property. Subsequently, City departments and officials failed to follow up, withheld and improperly redacted records, and failed to confirm evidence preservation.

### 4. Damages

Damages include, but are not limited to, those arising from the physical battery and the administrative torts:

- Physical injury and discomfort.
- Damage and interference with recording equipment.

- Emotional distress and ongoing anxiety.
- Economic losses.
- Loss of evidence necessary to protect civil rights.

Specific dollar damages are being evaluated, but the initial valuation and demand are **in excess of the statutory settlement threshold.**

## 5. Reservation of Rights

I reserve all rights to pursue claims that fall outside the scope of the OGTCA, including claims under **42 U.S.C. § 1983** and for injunctive/declaratory relief under the **Oklahoma Open Records Act**, which are not subject to the OGTCA's limitations or caps.

I declare under penalty of perjury under the laws of the State of Oklahoma that the foregoing is true and correct to the best of my knowledge and belief.

Signed: *Christopher Means*    2/13/26

**Christopher Means**

414 North Lake Street

Ponca City, OK 74601

Working now started 11/20/25

## *ITEMIZED LIABILITY NOTICE & FEDERAL ACTION ADVISORY*

**(Prepared for Internal Use / Demand)**

Prepared By:

**Christopher Means**

414 N. Lake St., Ponca City, OK 74604

Email: themeans13@gmail.com | Phone: (580) 304-8856

Date: October 16, 2025

## I. KEY LIABILITY POINTS: Underscoring Individual and Municipal Responsibility

This advisory is a formal notice that the City of Glenpool, its Manager, and its relevant officials face direct, non-delegable liability for the constitutional and tortious violations committed by city staff. The City's reliance on its insurer's denial is legally insufficient and dangerously misplaced.

A. Denial by OMAG Does Not Absolve City or Official Liability

The assertion by the Oklahoma Municipal Assurance Group (OMAG) that no liability exists is merely an insurer's claim posture; it does not constitute a legal adjudication and does not shield the City or its personnel from civil prosecution.

- **§ 1983 Liability:** Neither OMAG nor a tort claim denial can shield the City, the Mayor, or the City Manager from **direct liability** for **federal constitutional violations** under **42 U.S.C. § 1983.**

B. City Manager's Independent Duty and Oversight Liability

The **City Manager** has an independent **statutory duty** to supervise employees and ensure compliance with laws (e.g., **11 O.S. § 10-113**).

- **Acknowledgement of Fault:** The City Manager's post-incident acknowledgment of wrongdoing (i.e., that staff training was needed) creates an independent basis for **oversight liability** and **negligent supervision.**

C. Municipal Liability Under § 1983: The *Monell* Doctrine

The City of Glenpool is directly liable under **42 U.S.C. § 1983** for constitutional violations resulting from its **official policies, customs, or deficient training** protocols.

- **Inadequate Training/Custom:** The facts, including staff admissions ("She is new") and the Manager's remedial action, support a claim that the City maintained a **custom of inadequate training** regarding First and Fourth Amendment rights.

D. Open Records Act (ORA) Noncompliance

The City's obligation to the **Oklahoma Open Records Act (51 O.S. § 24A.1 et seq.)** is absolute, independent of any tort claim or insurance decision.

- **Violation:** Failure to respond to the pending request or to cite proper, statutory exemptions constitutes a separate, ongoing legal violation.

E. Financial and Reputational Consequences

If federal litigation is filed, the City faces significant, non-indemnifiable exposure:

- **Attorneys' Fees:** I will seek statutory attorneys' fees and costs under **42 U.S.C. § 1988**.
- **Punitive Damages:** Individual officials and employees may face **punitive damages** for willful, malicious, or reckless disregard of constitutional rights.

## II. REVISED DEMAND, NEXT STEPS, AND LITIGATION ADVISORY

The City has five (5) business days to respond in good faith before federal litigation is filed.

A. Immediate Action Required

1. **Written Acknowledgment:** The **City Manager** and **City Attorney** must provide immediate written acknowledgment that the City's municipal and individual liability is **not absolved** by OMAG's denial.
2. **Records Production: Release and review** of all pertinent records, including OMAG's internal claim file.
3. **Council Directive:** The City Council must issue a directive to **reassess** the tort claim denial (**Resolution 2025-013**).

B. Proposed Resolution Path

Schedule a **good-faith meeting** with me, the City Council, and City leadership (Manager and Attorney) to be held within **5 business days** of this Notice.

C. Litigation Advisory

Absent full resolution and substantive compliance, I will immediately file **federal litigation** pursuant to **42 U.S.C. § 1983**, including all statutory and common-law claims, against both the **City of Glenpool** and the **individual officials**.

Respectfully submitted,

**Christopher Means**                    2/13/26

Claimant /~~Citizen of Glenpool~~

## *FINAL NOTICE OF INTENT LETTER*

**(ORA Statutory Notice of Intent to Sue)**

**Via Email & U.S. Mail**

**Christopher Means**

Ponca City, Oklahoma 74601

Email: Cgorillaaudits@gmail.com

Date: November 20, 2025

Leslie Smith, City Clerk

City of Glenpool

12205 S. Yukon Avenue

Glenpool, OK 74033

Email: Clerk@Glenpool.gov (placeholder)

COPY TO:

Office of the Attorney General

Open Records / Records Compliance Unit

Oklahoma State Capitol

2300 N. Lincoln Blvd.

Oklahoma City, OK 73105

Email: OpenRecords@oag.ok.gov (placeholder)

## Re: NOTICE OF INTENT TO FILE CIVIL ACTION

**Injunctive/Declaratory Relief — 51 O.S. § 24A.17**

**Open Records Requests of Sept. 4, Oct. 10, and Oct. 23, 2025**

Dear Ms. Smith and Attorney General's Records Unit:

This letter constitutes formal written notice, pursuant to **51 O.S. § 24A.17(C)**, of my intent to file a civil action for injunctive and declaratory relief under the Oklahoma Open Records Act ("ORA") based on the City of Glenpool's continued failure to provide prompt, reasonable access to records.

**This letter triggers the 10-business-day statutory cure period.**

## 3. Grounds for Injunctive/Declaratory Relief

The City's protracted non-responsiveness and incomplete productions demonstrate:

- **Non-Compliance with Prompt Access Requirements:** Delays and stalled responses violate the statutory duty of "prompt and reasonable" access.
- **Unlawful or Unsupported Redactions:** Redacted materials were produced without a redaction log, without statutory citations, and without demonstrating segregability.
- **Uncertainty Regarding Preservation:** The City has not confirmed that responsive materials have been preserved, raising a substantial risk of **spoliation of evidence**.
- **Pattern of Delay and Retaliatory Conduct:** Non-compliance appears consistent with resistance when records relate to potential civil-rights violations and staff misconduct.

## 4. Required Cure to Avoid Litigation

To avoid the commencement of a civil action, the City must, within **10 business days** of the date of this Notice:

1. Confirm the existence or non-existence of **every category** of responsive record.
2. Produce **all non-exempt records** in full, or provide a **detailed, document-by-document redaction log** with the statutory exemption claimed.
3. Provide a firm **production timeline** for any remaining outstanding items.
4. Confirm that all responsive data (Video/audio files, emails, texts, messaging logs, and metadata) has been preserved in its original, unaltered form.

## 5. Reservation of Rights

I reserve all rights under the ORA, the Oklahoma Constitution, and federal law, including the right to seek costs and attorney fees pursuant to **51 O.S. § 24A.17(D)** and **42 U.S.C. § 1988** if litigation is successful.

Sincerely,

(signature line) *[signature]* 2/13/2026

**Christopher Means**

414 North Lake Street

Ponca City, OK 74601

Email: ~~Cgorillaaudits@gmail.com~~
*themeans13@gmail.com*

## P NOTICE OF TORT CLAIM

**(OGTCA Statutory Notice)**

**Claimant:**

Christopher Means

414 North Lake Street

Ponca City, OK 74601

Email: C~~gorillaaudits@gmail.com~~

Phone: (580) 304-8856

**To:**

City of Glenpool

Attn: City Manager / City Clerk

12205 S. Yukon Avenue

Glenpool, OK 74033

# FINAL SETTLEMENT DEMAND

**TITLE BLOCK** *Notice to File By Deadline Below*

**CHRISTOPHER MEANS** 414 N. Lake St. Ponca City, OK 74601 Email: themeans13@gmail.com | Phone: [Your Phone] *580-304-8856*
**Date:** October 2, 2025
Via Certified Mail & Email **David Tillotson, City Manager** City of Glenpool 12205 S Yukon Ave Glenpool, OK 74033
**Re:** FINAL SETTLEMENT DEMAND – CONSTITUTIONAL VIOLATIONS, PROFESSIONAL DUTY BREACH, AND RESERVATION OF RIGHT TO INCREASE DEMAND

## I. Executive Summary & Demand

This letter constitutes a **Final Settlement Demand** to resolve constitutional and statutory violations arising from the City of Glenpool's conduct, specifically the June 4, 2025 incident involving the seizure of recording equipment, obstruction of a First Amendment audit, and subsequent administrative failures to resolve the matter in good faith.

- **Plaintiff:** Christopher Means
- **Defendants:** City of Glenpool; David Tillotson (in official and individual capacity); relevant city staff
- **Present Demand Amount: $44,177.66** (*To be BOLD and HIGHLIGHTED in final document*)

| Deadline | Date |
|---|---|
| Settlement Conference Deadline | October 8, 2025 |
| Final Payment/Resolution Deadline | October 15, 2025 |

(*Instruction: Place the deadline table in a shaded box in the final document*)
**FINAL ESCALATION STATEMENT: \*\***(*Instruction: Highlight this sentence in bold red when composing the final document*) If you fail to comply by those dates, I will immediately file a federal \S 1983 complaint in the U.S. District Court, Northern District of Oklahoma, asserting constitutional claims (First, Fourth, Fourteenth Amendments), Oklahoma Open Records Act violations, and state tort claims under OGTCA. At trial, I will seek all available relief, including attorneys' fees under \S 1988, punitive damages, injunctive relief, and full damages beyond state caps.

## II. Factual Timeline: A Pattern of Misconduct and Administrative Evasion

1. **June 4, 2025 – Incident:** I lawfully entered Glenpool City Hall to request public records and record staff conduct. Staff members interfered with my recording device, unlawfully seized equipment, and obstructed my protected activity. Video and timestamped records unequivocally confirm the misconduct and the subsequent, unjustified pursuit of my colleague, Ron Durbin.
2. **Tort Claim & Denial:** I timely filed a claim under the Oklahoma Governmental Tort Claims Act (OGTCA). The Oklahoma Municipal Assurance Group (OMAC) denied the claim,

which now allows for immediate pursuit of federal claims.

3. **Repeated Outreach (June–September 2025):** Numerous attempts to engage your office for an administrative resolution produced no substantive response until September 16, 2025.

4. **September 16, 2025 Call (11:11 Duration):** During our 11-minute, 11-second call, you acknowledged that training had been instituted for staff, and you twice offered to meet "to have that conversation" in good faith. Despite this explicit commitment, **no meeting or scheduling response was ever provided thereafter**.

5. **October 1, 2025 – Police Contact:** After I submitted a formal web inquiry, a Glenpool Police Sergeant called, confirmed his awareness of the June 4 video, recognized me and Ron Durbin from Gorilla Audits, and agreed that the City's records portal routing is confusing and requires IT remediation.

## III. Legal Framework: Rights Violated Under Color of Law

- **First Amendment – Right to Record Public Officials:** The right to record public officials performing their duties in a public space is clearly established in the Tenth Circuit (*see Irizarry v. Yehia*). The staff's interference and obstruction directly chilled this fundamental right.

- **Fourth Amendment – Protection from Unreasonable Seizure:** The act of seizing or interfering with my recording equipment constitutes an unreasonable seizure, directly violating the Fourth Amendment (*Soldal v. Cook County*).

- **Municipal Liability – Monell Doctrine:** The City of Glenpool is liable where constitutional deprivation results from a policy, custom, or **deliberate indifference** in training. Your admission that new training was later necessary indicates that a prior, defective custom or policy existed, subjecting the municipality to liability.

- **State Statutory Duty – City Manager Responsibility:** Under Oklahoma law (11 O.S. \S 10-113), the City Manager must supervise all administrative departments and faithfully execute city laws. Your failure to appropriately supervise, your misrepresentations regarding a good-faith meeting, and your avoidance of accountability constitute a breach of this statutory duty.

- **Damages & Fees in \S 1983:** As a prevailing plaintiff in a \S 1983 action, I am entitled to recover compensatory and **punitive damages**, plus reasonable attorneys' fees and costs under \S 1988, which are recoverable **over and above** state-law caps.

## IV. Standards Violated / Professional Duty Breach

Your actions and omissions following the June 4 incident have breached both legal mandates and professional ethical standards expected of a municipal executive:

1. **Breach of Statutory Obligation (11 O.S. \S 10-113):** Your refusal to engage substantively, your misrepresentations, and your failure to enforce staff accountability clearly violate your legal mandate to supervise and faithfully execute city laws.

2. **Breach of Public Management Ethics:** Your failure to honor the promised good-faith meeting contradicts the core principles of integrity, transparency, and public trust that guide public management executives, regardless of formal ICMA membership.

3. **Breach of Commitment & Transparency:** You made two explicit commitments to negotiate in good faith during our September 16 call. The subsequent and total failure to follow through is a direct breach of commitment and undermines the foundational trust between the City and its citizens.

# V. Justification for Investigative Premium & Reservation of Right to Increase Demand

The present demand is conservative; it deliberately excludes full awards for rights violations, punitive damages, and full litigation expenses.

My investigative work includes a **heightened legal overlay** and has a significant public-interest value—it is not subject to standard commercial journalism rates.

I expressly **reserve the right to increase this demand**—potentially to multiples of the current figure—to include recovery of full attorneys' fees, punitive damages, injunctive relief, and all other statutory awards once a federal complaint is filed.

# VI. Itemized Damages & Costs

| Date | Description | Reference | Amount (USD) | Balance |
|---|---|---|---|---|
| — | Replacement camera (DJI Osmo Pocket 3) | Invoice / receipt (Exhibit B) | $1,488.00 | $1,488.00 |
| — | Tariffs, shipping delays, downtime | Logs, correspondence (Exhibit B) | $3,274.21 | $4,762.21 |
| — | Lost photography booking (freelance) | Engagement contract (Exhibit F) | $5,000.00 | $9,762.21 |
| — | Lost production & business revenue (Gorilla Audits) | Analytics, logs (Exhibit F) | $10,000.00 | $19,762.21 |
| — | Travel, fuel, investigative costs | Receipts, logs (Exhibit C) | $1,500.00 | $21,262.21 |
| — | Certified mailings, clerical & filing costs | USPS receipts (Exhibit D) | $2,080.00 | $23,342.21 |
| — | Legal & investigative time — Ron Durbin, Esq. (2 hrs @ $300/hr) | Time entry | $600.00 | $23,942.21 |
| — | Legal & investigative time — Christopher Means (24 hrs @ $100/hr) | Time entry | $2,400.00 | $26,342.21 |

| Date | Description | Reference | Amount (USD) | Balance |
|------|-------------|-----------|--------------|---------|
| — | First Amendment chilling / interference | Narrative basis | $10,000.00 | $36,342.21 |
| — | Fourth Amendment seizure & equipment interference | Narrative basis | $3,000.00 | $39,342.21 |
| — | Oklahoma Open Records Act violations | 51 O.S. \S\S 24A.5, 24A.17 | $2,500.00 | $41,842.21 |
| — | OGTCA tort claims (assault, battery, negligent supervision) | Narrative basis | $2,335.45 | **$44,177.66** |

**Subtotals:**
- Direct Losses: \mathbf{\$23,342.21}
- Legal/Investigative Time: \mathbf{\$3,000.00}
- Constitutional/Statutory Damages: \mathbf{\$17,835.45}

**Grand Total (Present Demand): \mathbf{\$44,177.66}** *(Instruction: Highlight the Grand Total cell in yellow and BOLD the number in the final document)*

# VII. Trial Readiness & Evidentiary Posture

This demand is not a bluff. I am fully prepared to prove every element of each claim at a jury trial.

My evidence is robust and includes **date-and-time stamped video**, contemporaneous notes, transcripts, open records responses, call logs, and internal staff emails, all of which will demonstrate conduct under color of law, deprivation of rights, causal connection, and measurable damages. If forced to litigate, I will immediately move for summary judgment on the undisputed factual record.

# VIII. Preservation Instruction

You are hereby instructed to **preserve all evidence** related to the June 4, 2025 incident and subsequent administrative action, including: video footage, emails, call logs, open records materials, surveillance video, internal communications, training documents, staff memos, meeting notes, and any related digital or physical records. Any act of spoliation will be brought to the immediate attention of the federal court.

# IX. Settlement Terms & Consequences

- **Action Required:** Schedule a settlement conference by **October 8, 2025**.
- **Payment Required:** Final written resolution and full payment by **October 15, 2025**.
- **Consequence:** Noncompliance with these deadlines will result in the immediate filing of a

federal complaint, assertion of all claims, and the pursuit of an **enhanced demand** for damages and attorneys' fees.

# X. Exhibits & Attachments

The following exhibits are incorporated by reference into this Demand:
1. Exhibit A: Signed contract / service agreements.
2. Exhibit B: Invoice #1001, Invoice #1002, receipts for replacement equipment.
3. Exhibit C: Timestamped video files and transcripts.
4. Exhibit D: Email thread and call logs.
5. Exhibit E: OMAC denial and related correspondence.
6. Exhibit F: Proof of lost bookings and analytics.

# XI. Certificate of Service

This notice is formally served upon:
- David Tillotson, City Manager
- Leslie Smith, City Clerk
- Mayor and City Council, Glenpool
- City Attorney
- OMAC (Oklahoma Municipal Assurance Group)

**Respectfully,**
Christopher Means Owner / Claimant Email: themeans13@gmail.com | Phone: [Your Phone]
Signature: _Christopher Means_ Date: _Oct / 6 / 2025_

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF OKLAHOMA

**Christopher Means**,

Plaintiff,

v.                                                              Case _____

_**City of Glenpool, Oklahoma;**

**David Tillotson, City Manager (official & individual);**

 **Leslie Smith, City Clerk (official & individual);**              Judge _____

**Ms. Chalua, Secretary (official & individual)**

**Chad Coomer, Staff Member (official & individual)**

**Joe [Last Name Unknown], Staff Member (official & individual)**

**David Dalton, OMAG Claims Director (official & individual)**

Defendants.

## *COMPLAINT FOR VIOLATION OF CIVIL RIGHTS*

## *(42 U.S.C. § 1983), OKLAHOMA OPEN RECORDS ACT, AND STATE TORT CLAIMS*

**\*\*I. INTRODUCTION\*\***

1. Plaintiff brings this action under 42 U.S.C. § 1983, the Oklahoma Open Records Act, and state tort law to remedy violations committed by City staff and supervisory officials at Glenpool City Hall.

2. On [incident date], while lawfully submitting an open records request and filming in a public hallway, Plaintiff was physically grabbed, had his camera forcibly seized, and his ability to record government operations was suppressed.

3. Despite video evidence and a prior call by Mr. Tillotson acknowledging the denial of the tort claim and promising corrective steps, no follow-through occurred.

4. Plaintiff seeks compensatory damages, punitive damages, declaratory and injunctive relief, attorney's fees, and costs.

**II. JURISDICTION AND VENUE**

5. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1343.

6. The Court has supplemental jurisdiction over the state law and records claims under 28 U.S.C. § 1367.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because all relevant events occurred within this district (Tulsa County / Glenpool).

**III. PARTIES**

8. Plaintiff Christopher Means is a resident of Oklahoma and a content-creation/newsgathering operator.

9. Defendant City of Glenpool is a municipal corporation, responsible for employing staff at City Hall.

10. Defendant David Tillotson is City Manager of Glenpool, sued in his official and individual capacities.

11. Defendant Leslie Smith is City Clerk, sued in her individual capacity.

12. Defendant Ms. Chalua is the employee who physically grabbed Plaintiff, sued individually.

13. Defendant Chad Coomer is a staff member who attempted to restrict Plaintiff's filming, sued individually.

14. Defendant Joe [LNU] is a staff member who promised follow-up and meeting, sued individually.

15. Defendant David Dalton is the OMAG claims director who summarily denied the tort claim, sued individually.

**IV. FACTUAL ALLEGATIONS**

**A. Recording & Request Visit**

16. Plaintiff arrived at Glenpool City Hall to deliver an open records request (pre-prepared and properly completed).

17. He lawfully filmed in public corridors and collected b-roll imagery of government architecture, as he had done previously without incident.

**B. Physical Contact & Camera Seizure**

18. During filming, Ms. Chaleo approached from ~4–6 feet, told Plaintiff to "turn that off," then placed her right hand over his left hand (holding camera) applying pressure. She seized the gimbal neck with her left hand and tried to wrench the camera.

19. Plaintiff verbally objected: "get off me," "don't touch me."

20. No signage restricted recording or access in the hallway.

21. Ron Durbin witnessed and recorded the entire interaction; video and audio document staff statements ("misunderstanding," "new employee") and refusals to call police.

**C. Post-Incident Responses & Denial**

22. Plaintiff requested a supervisor or immediate escalation; staff delayed and attempted to obstruct further recording.

23. Plaintiff made a tort claim. OMAG denied liability despite video, witness, and documentation.

24. On September 16, 2025, Mr. Tillotson called Plaintiff ~11 minutes, acknowledged OMAG denial, claimed training involvement, and promised a meeting with the City Attorney.

25. Plaintiff repeatedly attempted to follow up (calls, emails, in-person visits) through September 29, 2025, but no meeting or substantive response occurred.

**D. Business Harm & Operational Disruption**

26. The camera seized was critical to Plaintiff's content rig; its absence disrupted content creation, live streaming, and integrated mic/firmware workflows.

27. Replacement gear cost significantly more due to tariffs, limited inventory, and integration compatibility.

28. The interruption lasted over two months, reducing revenue on Gorilla Audits (≈ $13,000/month) and affiliated channels (≈ $2,000/month).

29. Plaintiff's marketing/film business also sustained reputational damage and opportunity loss as a direct consequence.

**V. CLAIMS FOR RELIEF**

## *Count 1: First Amendment – Right to Record / Free Speech*

30. Defendants attempted to suppress and chill Plaintiff's recording of public governmental activity in violation of the First Amendment, as protected under 42 U.S.C. § 1983 (see Irizarry v. Yehia).

## *Count 2: Fourth Amendment – Unreasonable Seizure of Person/Property*

31. Ms. Chalua's physical grabbing of Plaintiff's hand and camera constitutes unlawful seizure or interference with property and person without justification.

## *Count 3: Fourteenth Amendment – Due Process / Equal Protection*

32. Plaintiff was denied due process via arbitrary denial of his claim and refusal to investigate. He was treated differently than others engaging in recording activity, violating equal protection.

## *Count 4: Municipal Liability / Monell Claims*

33. The City's failure to train, supervise, and ratify by nonresponse constitutes a policy or custom of deliberate indifference to the rights of people recording in public.

34. Mr. Tillotson failure to follow through after acknowledging liability is a ratification of the misconduct.

## *Count 5: Oklahoma Open Records Act (51 O.S. §§ 24A.5, 24A.17)*

35. Defendants obstructed, delayed, misrepresented, and refused proper disposition of Plaintiff's records request in violation of ORA duties.

**Count 6: State Tort – Battery**

36. Ms. Chalua's physical contact was intentional and unconsented, causing harm.

**Count 7: State Tort – Property Damage**

37. The camera and gimbal system were damaged, either directly or by forced removal.


**Count 8: State Tort – Negligent Training / Supervision**

38. The City failed to instruct, monitor, or discipline its employees to prevent such rights violations, making the City liable under state law.


**VI. DAMAGES**

39. **Economic Losses**: Replacement/repair of camera, tariffs/integration costs, lost revenue during downtime.

40. **Consequential Losses**: Harm to other gear synchronization, workflow delays, reputational damage, lost opportunities.

41. **Non-Economic / Constitutional Injuries**: Injury to First Amendment rights, emotional distress, indignity, humiliation, chilling effect.

42. **Punitive Damages**: Against individual defendants for willful or reckless misconduct.

43. **Attorney's Fees & Costs**: Under 42 U.S.C. § 1988 and ORA's fee provision.

**VII. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against all Defendants as follows:

A.  **Compensatory damages** in an amount to be determined (minimum threshold: $131,317.76)

B.  **Punitive damages** against individual defendants

C.  **Declaratory relief**: that Defendants violated Plaintiff's constitutional and statutory rights

D.  **Injunctive relief**: requiring training, policy revision, posted signage, open records compliance

E.  **Attorney's fees & costs**

F. Any other lawful relief the Court deems just and proper

Plaintiff demands a **jury trial** on all issues so .

Respectfully submitted,

Christopher Means